UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.B.E.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br><br>　　　　　Defendant. | Case No. 21-cv-02104-JCS<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES UNDER SECTION 406(B) WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 31 |

　　　　Stuart T. Barasch ("counsel"), who represented E.B.E. in this matter under a contingency fee agreement, brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), seeking an award of $40,894.25 in attorney fees for work before this Court. The Motion is DENIED without prejudice.[1]

　　　　First, where counsel files a motion for fees in an action for social security benefits, counsel must establish that the claimant actually received a copy of the motion. 20 C.F.R. § 404.1725(a)(7); *Holder v. Astrue*, No. CIV.05-3521-PHX (RCB), 2009 WL 1363538, at *3 (D. Ariz. May 7, 2009) ("There is no question but that, when making section 406(b) applications, as here, attorneys are required to give notice to their clients as to the existence of such application." (internal quotation marks omitted)); *Atkins v. Astrue*, No. C 10-0180 PJH, 2012 WL 5350265, at *5 (N.D. Cal. Oct. 29, 2012) (describing plaintiff's counsel's "failure to show that [plaintiff] received notice" of plaintiff's counsel's motion under section 406(b) as a "deficiency" and denying the motion partly for this reason.). Counsel states in the motion that "Plaintiff will receive a copy of Petitioner's motion and memorandum regarding the request for attorney's fees under

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1)." Dkt. no. 31-1 (Motion) ¶ 12. He also provides a proof of service stating that a copy of the motion was mailed to the claimant's last known address. Dkt. no. 31-8. However, Plaintiff does not provide any evidence that the motion was actually received by the claimant.

Second, documents presented to the court in connection with attorneys' fee requests should be authenticated. *See Obadagbonyi v. Sky Recovery Servs., Ltd*., No. 3:10-CV0226-LRH-RAM, 2010 WL 3636330, at *1 (D. Nev. Sept. 10, 2010) (denying request for attorney's fees in a FDCPA matter without prejudice because an "unsigned, unauthenticated, and redacted document" was insufficient to "establish the fee rate and conditions of the contract necessary to support an award of fees pursuant to the offer of judgment."); see also Fed. R. Evid. 901 (establishing general requirements of authenticating or identifying an item of evidence). Thus, the attachments submitted in connection with the motion should be authenticated through a declaration signed under penalty of perjury. Any facts upon which the Motion relies should also be contained in a sworn declaration to the extent they go beyond the facts established by the exhibits.

Third, the motion states that past due benefits were awarded in the amount of $192,377.00 and the requested fees were calculated on the basis of that amount, dkt. no. 31-1 (motion) ¶ 4, but the Notice of Award attached to the motion states that past due benefits were awarded in the amount of $145,262.45. Dkt. no. 31-3.

Therefore, the Motion is DENIED without prejudice to refiling a motion for attorneys' fees that cures these defects.

**IT IS SO ORDERED.**

Dated: June 14, 2024

JOSEPH C. SPERO
United States Magistrate Judge

2