UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.B.E.,<br><br>           Plaintiff,<br><br>     v.<br><br>MARTIN O'MALLEY,<br><br>           Defendant. | Case No.  21-cv-02104-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER SECTION 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 34 |

## I. INTRODUCTION

Stuart T. Barasch, of the Olinsky Law Group ("Counsel"), who represented E.B.E. in this matter under a contingency fee agreement, brings a Motion for Award of Attorney' Fees Under 42 U.S.C. § 406(b) ("Motion"), seeking an award of $40,894.25 in attorney fees for work before this Court. For the reasons stated below, the Motion is GRANTED. [1]

## II. BACKGROUND

E.B.E. entered into a contingent fee agreement with Counsel providing that Counsel would be awarded 25% of all past-due benefits E.B.E. received as a result of this action. Dkt. no. 34-2. The parties filed cross motions for summary judgment and the Court granted Plaintiff's motion, reversing the decision of the Commissioner and remanding for further proceedings. Dkt. no. 27. On October 26, 2022, the Court approved a stipulated fee award of $14,695.44 under the Equal Access to Justice Act ("EAJA"). Dkt. no. 30 ("EAJA stipulation").

On March 25, 2024, the Social Security Administration issued a Notice of Award. Dkt. no. 34-3. The Notice states that E.B.E. would receive their "first payment" in the amount of

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

$145,262.45 and that "[t]his amount is the money you are due through March 2024." *Id.* at 2. The Notice later states that the Social Security Agency has withheld "25 percent of past due benefits in order to pay the approved representative's fee[,]" in the amount of $48,094.25. *Id.* at 3. Using the latter figure gives rise to a past due benefits amount of $192,377. Counsel explains that the amount of $145,262.45 does not reflect the past due benefits awarded by the Commissioner and is, instead, "the portion of the past-due benefits that is not withheld for attorney's fees plus any additional months that are not part of the past due benefits calculation minus any deductions." Dkt. no. 34-1 at ECF p. 3 n. 1.

Counsel asks the Court to award 25 percent of the past due benefits amount of $192,377 ($48,094.25) minus the $7,200 in representative fees approved at the hearing level, giving rise to a fee award of $40,894.25 under 42 U.S.C. § 406(b). *Id.* at ECF p. 3. Upon receipt of payment, Counsel would pay the EAJA fees already approved by the Court to E.B.E. Plaintiff has supplied evidence that 58.5 hours of attorney time and 10.4 hours of paralegal time was spent on the case. Dkt. nos. 34-5, 34-6.[2]

**III.   ANALYSIS**

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a

---

[2] Counsel has also supplied a time log documenting "professional time" that appears to include not only time billed by attorneys and paralegals but also staff who are neither. Dkt. no. 34-4. That log reflects total time spent on the case as 73.2 hours – slightly more than the combined hours of attorneys and paralegals who worked on the case (68.9 hours).

2

1 reasonable fee for such representation, not in excess of 25 percent of the total of the past-due
2 benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of
3 Social Security may . . . certify the amount of such fee for payment to such attorney out of, and
4 not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

5  Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking
6 first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the
7 recovery "based on the character of the representation and the results the representative achieved."
8 *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may
9 properly reduce the fee for substandard performance, delay, or benefits that are not in proportion
10 to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing
11 *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms
12 of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates
13 may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness
14 determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant
15 to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v.*
16 *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

17  In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"),
18 enacted in 1980, allows a party who prevails against the United States in court, including a
19 successful Social Security benefits claimant, to receive an award of fees payable by the United
20 States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*,
21 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b),
22 EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. §
23 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees
24 payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's
25 past-due Social Security benefits in this manner: Fee awards may be made under both
26 prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller
27 fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)).
28 Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the

point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, Counsel seeks $40,894.25 in attorney fees, which is less than 25 percent of the past due benefits awarded to E.B.E. and does not exceed the 25 percent cap even if the hearing level fee award of $7,200 is taken into account.   The Court finds Counsel's request to be reasonable under *Gisbrecht*.   First, Counsel has presented a valid contingent fee agreement.  Second, Counsel has supplied timesheets documenting hours worked, which the Court finds to be reasonable. Third, there is no evidence that Counsel's work was substandard or that the fee award is disproportionate to the amount of work on the case and the effective hourly rate of $593.53[3] is well within the range of what courts have approved under Section 406(b).  *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, 16-CV-29-BTM-BLM, 2019 WL 1112080, at *2–3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of work). Moreover, Counsel obtained an excellent result for his client and took on the risk of contingent representation.

Accordingly, the Court finds that Counsel is entitled to the requested amount of $40,894.25 in attorney fees under 42 U.S. § 406(b).

## IV.  CONCLUSION

The Motion is GRANTED.  Counsel is awarded $40,894.25 in attorneys' fees. The EAJA amount previously awarded in this case, in the amount of $14,695.44, shall be paid to E.B.E. upon the payment to Counsel of the fees awarded herein.

**IT IS SO ORDERED.**

Dated:  June 27, 2024

JOSEPH C. SPERO
United States Magistrate Judge

---

[3] Counsel states that the effective hourly rate is $558.66, using the total "professional" time spent on the case rather than the time spent on it by attorneys and paralegals only to calculate the rate. Dkt. no. 34-1 at ECF p. 4.  As Counsel has not cited authority supporting the inclusion of what appears to be clerical work in the calculation of the effective hourly rate, the Court uses only attorney and paralegal time to calculate that rate.  Under either approach, however, the effective hourly rate is reasonable.

4